**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leobardo ISAIS, Jr., Defendant–**
**Appellant.**

**No. 00–5809, 00–5810.**

United States Court of Appeals,
Sixth Circuit.

Aug. 21, 2001.

Before KRUPANSKY, SUHRHEINRICH, and SILER, Circuit Judges.

Leobardo Isais, Jr., appeals his judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Isais pleaded guilty to charges of conspiracy to possess marijuana with the intent to distribute it and conspiracy to commit money laundering, violations of 18 U.S.C. § 1956(h) and 21 U.S.C. § 846. He was sentenced to a total of 132 months of imprisonment to be followed by four years of supervised release.

In this consolidated appeal, Isais argues that the district court erred by enhancing his offense level by two points pursuant to USSG § 3B1.1(c) for being a manager or supervisor of criminal activity.

This court reviews a district court's application of the Sentencing Guidelines de novo and its factual findings concerning a

defendant's role in an offense for clear error. *United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir.2000). Section 3B1.1(c) provides for a two-level enhancement of a defendant's offense level if the defendant managed or supervised any criminal activity. A sentence should not be enhanced two levels under § 3B1.1(c) unless the defendant led, organized, managed, or supervised at least one other criminally culpable individual. *See Caseslorente*, 220 F.3d at 736. The sentencing judge found that Isais had a courier who was working for him, or at his direction, and that Isais's wife participated in the criminal activity at Isais's discretion.

The district court properly enhanced Isais's sentence by two levels pursuant to § 3B1.1(c). The government must prove that a defendant played an aggravating role by a preponderance of the evidence. *See United States v. Ward*, 68 F.3d 146, 151 (6th Cir.1995). Isais objected to the probation officer's finding that he was a manager or supervisor in the conspiracy that moved between 400 and 700 kilograms of marijuana from California to Memphis, Tennessee. At sentencing, the parties stipulated that an individual named "Kevin" worked as a courier of the marijuana. The transcript of a recorded telephone conversation between Isais and one of his Memphis contacts supports the court's finding that Kevin was sent to California at Isais's bidding. Although Isais argues that he was a mere go-between for the movement of the marijuana and that Kevin worked exclusively for the Memphis buyer, the guidelines anticipate that, "There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." USSG § 3B1.1, comment. (n.4). It logically follows that a courier can work for more than one manager or supervisor. The district court essentially concluded that Kevin the courier had two masters, and one of them was Isais. The district court did not err in applying the enhancement.

Accordingly, we affirm the district court's judgment.