**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0402n.06

Case No. 14-5442

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| JOHNNY WAYNE NEELEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

FILED
Jun 04, 2015
DEBORAH S. HUNT, Clerk

BEFORE: SUTTON, GRIFFIN, and WHITE, Circuit Judges.

SUTTON, Circuit Judge. A federal jury convicted Johnny Neeley of distributing and conspiring to distribute drugs. The district court enhanced his guidelines range to account for his managerial role but varied below that range when imposing its sentence. Neeley challenges that enhancement on appeal. We affirm.

In 2013, the federal government indicted Neeley and eleven other people for distributing nearly 780,000 milligrams of oxycodone in eastern Tennessee. The conspiracy acquired its supply of drugs through sponsorship arrangements with its addicted members. A sponsor supported an addict's clinic visit by footing the bill for his travel and medical expenses. In exchange, the sponsor took a cut of his pills.

The government proved at trial that Neeley acted as a sponsor. Co-conspirator Tamara Moles testified that he asked her to make three clinic trips on his behalf. Neeley gave her $4,000 to cover "[e]verything" related to the plan: "The doctor, the prescription, my eats, [and a] motel room." R. 529 at 15. Two of those times, Moles gave Neeley 100 of the 120 oxycodone pills she received. *Id.* at 24. Nor was Moles the only person enmeshed in the scheme. Co-conspirator Kimberly Vanover testified that Neeley sponsored her twice; co-conspirator Joey Vanover testified that Neeley sponsored him once. The district court relied on this evidence to increase Neeley's guidelines offense level by three, as befitting his managerial role. *See* U.S.S.G. § 3B1.1. Citing other mitigating factors, it then subtracted a full year from the guidelines minimum it had recalculated and imposed a 96-month term of imprisonment. Reviewing the court's factfinding for clear error and its legal conclusions about manager-or-supervisor status with deference, *see United States v. Rogers*, 769 F.3d 372, 382 (6th Cir. 2014) (citing *United States v. Washington*, 715 F.3d 975, 982–83 (6th Cir. 2013)), we affirm its application of § 3B1.1.

A defendant qualifies for a three-point guidelines enhancement if he acted as a "manager or supervisor (but not an organizer or leader)" of at least one person during criminal activity that is extensive or that involves "five or more" people. U.S.S.G. § 3B1.1; *see United States v. Castilla-Lugo*, 699 F.3d 454, 460 (6th Cir. 2012). Courts look to a range of factors to assess relative responsibility: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over

others."  *See* U.S.S.G. § 3B1.1 cmt. 4.  The defendant need not satisfy every factor for the enhancement to apply.  *See United States v. Gates*, 461 F.3d 703, 709 (6th Cir. 2006).

Neeley concedes that the drug conspiracy had five or more members, Appellant's Br. at 20, which means that the enhancement applies if he managed any of them.  The district court had not one, not two, but three subordinates to choose from.  Moles's testimony by itself seals the deal:  Neeley asked her to get drugs from pain clinics, paid all of her expenses, and bought the lion's share of the proceeds.  The court properly applied § 3B1.1.

Neeley does not dispute those facts on appeal.  He instead argues that other members of the conspiracy played more significant roles than he did.  *See* Appellant's Br. at 20–22.  But just as more than one person can "qualif[y] as a leader or organizer of a criminal . . . conspiracy," U.S.S.G. § 3B1.1 cmt. 4, more than one person can qualify as a manager or supervisor of a criminal conspiracy.  *See United States v. Isais*, 17 F. App'x 347, 348 (6th Cir. 2001).  The actions of other members of the conspiracy do not relieve him of responsibility for the actions *he* took himself.  *See United States v. Sadler*, 750 F.3d 585, 594 (6th Cir. 2014).

For these reasons, we affirm.